# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2155 | **DATE** | 8/19/2004 |
| **CASE TITLE** | Elton Gates, et al. vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion to reconsider is granted as to their Fourteenth Amendment procedural due process claim, and denied as to all other claims. Plaintiffs' motion is denied in its entirety as applied to defendant Devine. Defendant Richard A. Devine is hereby dismissed. Plaintiffs are given until 10/1/04 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | JG 20 2004 | |
| | | | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELTON GATES and LUSTER NELSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04 C 2155 |
| ) | |
| OFFICER B. TOWERY, Star No. 8233, ) | Judge Ruben Castillo |
| OFFICER P. GALIARDO, Star No. 19174, ) | |
| OFFICER ECHOLS, Star No. 12329, ) | |
| OFFICER COLLIER, Star No. 18240, ) | |
| PHILIP CLINE, Superintendent of Police ) | |
| for the City of Chicago, RICHARD A. ) | |
| DEVINE, State's Attorney of Cook County, ) | |
| and THE CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

AUG 2 0 2004

## MEMORANDUM OPINION AND ORDER

This opinion addresses Plaintiffs Elton Gates and Luster Nelson's ("Plaintiffs") Motion to Reconsider this Court's May 19, 2004 Order dismissing their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (R. 17-1.) Plaintiffs' Amended Complaint alleges that Officers Towery, Galiardo, Echols, and Collier, Superintendent Cline, Cook County State's Attorney Richard A. Devine, and the City of Chicago have a policy of issuing incomplete, false, and misleading receipts to arrestees whose property is taken for inventory purposes at the time of arrest and that this policy "is designed to prevent, delay, and impede the return of non-forfeitable property to the rightful owners." (R. 9, Am. Compl., Count I ¶ 25(e) & Count II ¶ 25(e).)[1] In the present motion, Plaintiffs ask us to reconsider our finding

---

[1] Count I sets forth Plaintiff Gates' constitutional claims and Count II sets forth Plaintiff Nelson's constitutional claims. These two counts are essentially identical with respect to all material facts and allegations. Count III constitutes Plaintiffs' request for declaratory and injunctive relief and Count IV states Plaintiffs' intent to proceed as a class action.

that their Amended Complaint fails to state a claim that Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights were violated. For the reasons set forth below, we partially grant and partially deny their motion.

## LEGAL STANDARDS

Whether to grant a motion to reconsider is a matter squarely within the Court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Typically, the Court will not reconsider a prior order unless the movant presents newly discovered evidence, establishes a manifest error of law or fact, or demonstrates that the Court has "patently misunderstood" its position. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## ANALYSIS

As an initial matter, we will not reconsider our Order as applied to Defendant Richard A. Devine, who Plaintiffs sued only in his individual capacity. (R. 9, Am. Compl. ¶ 3.) Government officials can be sued in their individual capacities only for individual wrongdoing. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985). For a supervisory official to be held liable for a constitutional violation, it is insufficient for a plaintiff to allege that the official was remiss in supervising the implementation of a policy. *Rascon v. Hardiman*, 803 F.2d 269, 273-74 (7th Cir. 1986). Rather, a plaintiff must allege that the official knowingly, recklessly, or willfully caused a deprivation by his action or inaction. *Id.* In order to state a claim against Devine in his individual capacity based on an official policy, Plaintiffs must allege that he "personally devised a deliberately indifferent policy that caused a constitutional injury[.]" *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998).

2

The Amended Complaint fails to identify any individual conduct on Devine's part, let alone individual wrongdoing. With the exception of the paragraph identifying Devine as a party, Counts I and II each contain only two references to Devine. First, they state that Devine "had not filed a forfeiture action against the property that was seized by the Defendant officers from Plaintiff." (R. 9, Am. Compl., Count I ¶ 17 & Count II ¶ 17.) Second, they state that it is the City of Chicago and Devine's policy "to retain seized property, provide a false and misleading inventory receipt form, and to refuse to promptly return the property at the conclusion of criminal proceedings[.]" (*Id.*, Count I ¶ 25(e) & Count II ¶ 25(e).) Plaintiffs have failed to allege any personal involvement on Devine's part, let alone personal wrongdoing, in the creation of the policy or events that led to the alleged deprivation. As a result, Plaintiffs' motion to reconsider is denied as to Defendant Devine.

We now turn to Plaintiffs' substantive arguments with respect to each of the causes of action alleged in Counts I and II of their Amended Complaint as they apply to Defendants Towery, Galiardo, Echols, Collier, Cline, and the City of Chicago (hereinafter "Defendants").

## I. Procedural Due Process Claim

We initially granted Defendants' motion to dismiss based on their argument that under *Parratt v. Taylor*, 451 U.S. 527 (1981), Plaintiffs are required to pursue all adequate state law remedies before pursuing a procedural due process claim in federal court. (R. 15, Mot. to Dismiss at 3.) Upon reconsideration, we find that *Parratt* does not preclude Plaintiffs' procedural due process claims because Plaintiffs have alleged that Defendants have an established policy of depriving arrestees of their property without affording them due process.

In *Parratt*, the Supreme Court held that a loss of property caused by the "random and

3

unauthorized" conduct of a prison guard did not constitute a constitutional deprivation without due process of law where an adequate state remedy existed to redress the damage. 451 U.S. at 542-43. Because the guard's conduct was an unpredictable departure from state procedure, it was impractical for the state to anticipate the conduct or to provide a pre-deprivation hearing to protect against the deprivation. *Id.* at 543. As a result, state post-deprivation remedies were adequate to satisfy the requirements of due process. *Id.* at 544. The Court later clarified, however, that *Parratt* was not designed to reach a situation where it is a state system or policy, instead of a random act, that destroys a plaintiff's property interest. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). As a result, a plaintiff may challenge an established state procedure on due process grounds where it is alleged that the state procedure "destroys his entitlement without according him proper procedural safeguards." *Id.*; *Evans v. City of Chi.*, 689 F.2d 1286, 1298 (7th Cir. 1982); *Overstreet v. Myers*, 75 F. Supp. 2d 858, 861-62 (N.D. Ill. 1999).

The Second Circuit has allowed plaintiffs to proceed on procedural due process grounds in a number of cases bearing remarkable similarity to this one. In *Butler v. Castro*, 896 F.2d 698, 699 (2d Cir. 1990), for example, a prisoner sued the city of New York for the return of property which was confiscated from him at the time of his arrest without adequate notice of the city's recovery procedures. The court held that because the city's administrative code did not give accurate notice of the city's procedures for return of confiscated property, the plaintiff had stated a proper due process claim. *Id.* at 703-04; *see also Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998). Similarly, in *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003), a prisoner sued several police officers alleging that they denied him due process by refusing to return his car,

4

which was seized at the time of his arrest. The plaintiff alleged that he was never given notice of the proper procedures for the return of his car, and although he followed all of the instructions that were given to him, he was not permitted to recover his property. *Id.* at 141. The Second Circuit held that these allegations should survive a motion to dismiss because they "raise serious questions as to whether the state's procedures for recovering property were adequate to satisfy the requirements of due process[.]" *Id.*

In their Amended Complaint, Plaintiffs allege that Defendants have a policy of issuing inventory receipts for seized property which falsely represent the process through which arrestees can recover their property. (R. 9, Am. Compl., Count I ¶ 25 & Count II ¶ 25.) They further allege that despite numerous attempts to regain their property, Defendants acted in accordance with this policy in refusing to return arrestees' property. (*Id.* ¶¶ 20-23.) Plaintiffs have sufficiently alleged that their deprivation stems from an established city procedure and is not the result of a random and unauthorized act. Because they have alleged that this policy deprives them of property without adequate procedural safeguards, Plaintiffs have stated a proper procedural due process claim. *Logan*, 455 U.S. at 436.

Defendants make two arguments against reconsideration of our dismissal of Plaintiffs' procedural due process claims. First, Defendants argue that under the Illinois Code of Criminal Procedure, Defendants cannot offer any process for the return of their property because Plaintiffs' property is under the exclusive authority of the criminal courts. (R. 22, Defs.' Resp. at 7 (citing 725 ILCS 5/108-11).) The Amended Complaint, however, alleges that the City of Chicago, not the criminal court, issued inventory receipts to Plaintiffs giving false notice as to how Plaintiffs

could retrieve their property from the City.[2] (R. 9, Am. Compl., Count I ¶ 25 & Count II ¶ 25.) Even if the state criminal courts did have exclusive authority over Plaintiffs' property, Plaintiffs' allegation that Defendants led Plaintiffs to believe that they had authority over the property and gave misleading instructions for how Plaintiffs could recover the property adequately states a claim for a procedural due process violation.

Second, Defendants argue that Plaintiffs have pled themselves out of court by alleging facts that are inconsistent with their cause of action. (R. 22, Defs.' Resp. at 9-12.) For example, Defendants argue that to the extent that the arresting officers did not cooperate in the City's procedure—which allegedly required Plaintiffs to obtain the officers' signatures to recover their property—the officers' actions were "random and unauthorized" and therefore covered by the *Parratt* rule. (*Id.* at 10.) Plaintiffs alleged, however, that Defendants issued false receipts and that the signature requirement was either false or misleading, not that the officers broke from procedure.[3] (R. 9, Am. Compl., Count I ¶ 25 & Count II ¶ 25.) Defendants also argue that Plaintiffs' allegation that they went to the City police department's evidence holding facility to request the return of their money belies their claim that the notification procedures are defective. (R. 22, Defs.' Resp. at 11.) This argument ignores Plaintiffs' claim that these notification procedures are essentially a red herring designed to make the recovery process prohibitively cumbersome. (R. 9, Am. Compl., Count I ¶ 25 & Count II ¶ 25.)

---

[2]Whether or not this is true will be borne out at a later stage in these proceedings, but we must consider all of Plaintiffs' factual allegations to be accurate for purposes of this motion. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

[3]Plaintiffs allege that they never even achieved access to the police officers in order to attempt to retrieve their signatures. (R. 9, Am. Compl., Count I ¶ 22 & Count II ¶ 22.)

While the burden for showing a need for reconsideration is high, we find that the *Parratt* rule does not apply to the Amended Complaint, and, therefore, reconsideration of this claim is appropriate.

## II. Fourth Amendment Claim

Plaintiffs argue that we should also reconsider our dismissal of their Fourth Amendment Claim, which states that Defendants' continued detention of Plaintiffs' property creates an unconstitutional seizure. Plaintiffs have not alleged that the initial seizure of their property was improper; rather they claim that Defendants' prolonged retention and refusal to return their property creates an unconstitutional seizure. (R. 9, Am. Compl., Count I ¶ 27 & Count II ¶ 27; R. 23, Pls.' Reply at 14.) This deprivation is simply not the type which the Fourth Amendment was designed to redress. As the Seventh Circuit has made clear, "a government's decision regarding how and when to return once lawfully obtained property raises issues which the text, history, and judicial interpretations of the Fourth Amendment do not illuminate." *Lee v. City of Chi.*, 330 F.3d 456, 465 (7th Cir. 2003) (quoting *Wilkins*, 872 F.2d at 194). While it is true that Defendants may not create a *de facto* forfeiture by unnecessarily prolonging a lawful seizure, the due process clause of the Fourteenth Amendment provides an adequate avenue to seek redress for that alleged wrong. *Id.* at 466. In other words, "[o]nce an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable. The [Fourth] Amendment then cannot be invoked by the dispossessed owner to regain his property." *Id.* As a result, we conclude that Plaintiffs' Fourth Amendment claim was properly dismissed.

## III. Fifth Amendment Claim

Plaintiffs assert that we erroneously dismissed their Fifth Amendment Takings Clause claim. The Takings Clause does not prohibit the government from taking private property for public use; it simply requires that individuals are given just compensation when their property is taken. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Plaintiffs claim that because Defendants have no intention of voluntarily returning the seized property, the seizure is actionable as a permanent physical taking requiring just compensation. (R. 17, Pls.' Mot. at 12.) Plaintiffs seek the return of their property plus interest, which only qualifies as "just compensation" under the broadest possible construction of the Amended Complaint. They are not entitled to this broad interpretation because in addition to recovering their property, Plaintiffs request the discontinuance of Defendants' alleged policy of "taking" arrestees' property. The Fifth Amendment does not afford this type of relief. *Williamson County*, 473 U.S. at 194.

Even if we were to construe Plaintiffs' request for relief as a request for just compensation, it is well-settled that a property owner cannot state a claim in federal court under the Fifth Amendment until he has pursued state procedures for seeking just compensation. *Id.* at 194; *Gamble v. Eau Claire County*, 5 F.3d 285, 286 (7th Cir. 1993). Illinois law provides a remedy to those whose property is wrongfully taken by the government.[4] Until these state remedies are pursued, Plaintiffs "cannot know whether [they have] suffered the only type of harm

---

[4]For example, Illinois law recognizes a common law claim for conversion to hold officials responsible for wrongfully taking property. *Bullock v. Dioguardi*, 847 F. Supp. 553, 562 (N.D. Ill. 1993). It also gives a property owner the right to file an inverse condemnation suit against a municipality to recover damages as a result of a taking. *See Hoekstra v. Kankakee County*, 8 Ill. Dec. 315, 317 (Ill. App. Ct. 1977).

8

for which the just-compensation provision of the Constitution entitles [them] to a remedy." *Gamble*, 5 F.3d at 286. Plaintiffs have not demonstrated that they have pursued these remedies, let alone exhausted them.

Finally, were we to find that the alleged facts constitute a government taking, we would have to dismiss Plaintiffs' procedural due process claim. The Seventh Circuit has made clear that, where due process claims are based on the same facts as a takings claim, the *Williamson County* exhaustion requirement applies to the due process claims "with full force." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961 (7th Cir. 2004); *Hager v. City of W. Peoria*, 84 F.3d 865, 869 (7th Cir. 1996). The exhaustion requirement for takings claims under *Williamson County* is analogous to the *Parratt* rule; in both cases the state's action is not "complete" until the state has failed to provide an adequate remedy for the alleged deprivation.[5] *Williamson County*, 473 U.S. at 195.

If we found that the Amended Complaint stated a takings claim, Plaintiffs' kitchen-sink approach to this litigation would have cost them their due process claims. We find, however, that Plaintiffs have erroneously applied the Takings Clause label to a straight-forward due process claim. *Cf. River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994). As such, we decline to reconsider our dismissal of Plaintiffs' Fifth Amendment claim.

## IV. Substantive Due Process Claim

Plaintiffs' motion to reconsider states that Defendants' actions violate substantive due

---

[5]The Supreme Court acknowledged that this analogy is "imperfect" because it does not extend to the situations in which *Logan* applies. *Williamson County*, 473 U.S. at 195 n.14. The *Williamson* Court explained that "[u]nlike the Due Process Clause . . . the Just Compensation Clause has never been held to require pretaking process or compensation." *Id.*

9

process, but they fail to set forth any argument demonstrating why we should reconsider our initial dismissal of this claim. (R. 17, Pls.' Mot. at 2.) Plaintiffs, as the moving party, must demonstrate why our dismissal of their substantive due process claim rested on a "manifest error of law or fact." *See Bank of Waunakee*, 906 F.2d at 1191. Any arguments that are unsupported or underdeveloped are deemed waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Plaintiffs have failed to meet their burden with respect to their substantive due process claim. Therefore, we deny their motion to reconsider our dismissal of this claim.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to reconsider, (R. 17-1), is granted as to their Fourteenth Amendment procedural due process claim, and denied as to all other claims. Plaintiffs' motion is denied in its entirety as applied to Defendant Devine. Accordingly, Devine is dismissed from this case. Plaintiffs are given until October 1, 2004 to file an appropriate amended complaint in accord with this opinion and to fully exhaust all remaining settlement possibilities for this dispute.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated:** August 19, 2004